CARR, J.
It is not easy to perceive, in the first bill of exceptions, what was the exact point of law, on which the defendant’s counsel wished to obtain the opinion of the court. As the attempt to exclude the note, and the motion for an instruction on the law of the case, are blended together, and form the matter of one exception, with the evidence going to prove the handwriting spread out; I conclude, that the defendant intended to ask the court to instruct the jury, whether (taking the evidence for true) the note ought, according to law, to go to the jury in support of the declaration? And understanding the motion thus, I think the court was right: for if the jury believed the evidence, the handwriting was clearly proved, and the note being properly described in the declaration, ought to have gone to the jury. The motion itself was not only awkwardly put, but improper, because it involved fact with law, and demanded the' opinion of the court on the whole mass. Smith v. Carrington, 4 Cranch 71; Brooke v. Young, 3 Rand. 106. There would have been no error in overruling it for that reason alone. Nor did the court, as I understand it, err in the opinion it gave.
' *Of the other exceptions, the third onlj’ need be noticed. We know that at common law, an action of debt could not be maintained on a promissory note, as of itself importing a debt; but the plaintiff must declare upon the contract, as an as-sumpsit, stating and proving the real consideration at large. The note, though it could not be declared on, might be given in evidence in support of the contract stated, as (for instance) on a count for money lent. As commerce advanced in its progress, it was found convenient to resort to a less complicated instrument than bills of exchange ; and this brought promissory notes very much into use. It was attempted to place them on the footing of bills of exchange, and to bring debt upon them, as of themselves importing a consideration : this was opposed by lord Holt, totis viribus, who (as lord Kenyon observes in Brown v. Harraden, 4 T. R. 151,) most pertinaciously adhered to his opinion, that no action could be maintained on promissory notes as instruments, but that they were only to be considered as evidences of debt. He insisted, that actions upon notes as such, were innovations upon the rules of the common law; and that declarations upon them amounted to setting up a new sort of specialty unknown in Westminster. Clerke v. Martin, 2 Ld. Raym. 757; Story v. Atkins, Id. 1430; Trier v. Bridgman, 2 Bast. 359; Pearson v. Garrett, Comb. 227. To put an end to this controversy, the statute 3 & 4 Anne, ch. 9, § 1, enacted, that all notes signed by a person, promising to pay to another, his order or bearer, any sum of money, should be construed to be, by virtue thereof, due and payable to any person, to whom the same is made payable. One effect of this statute was, that an action of debt might be maintained on a promissory note without alleging a consideration, and of consequence, without proving any. Not very long after this change was effected by the statute of Anne, our assembly passed a law resembling that statute very strongly, as respects promissory notes; 4 Hen. Stat. at large, May 1730, ch. 5, p. 273 — 5. It enacts, that “to the end the recovery of money upon promissory notes, and other writings without seal, may *be rendered more easy &c. if any person shall sign any note, or by any other writing shall promise and oblige himself, to pay any sum of money, or quantity of tobacco, to any other person, such person to whom the money &c. is payable, shall and may commence and maintain an action of debt, and recover judgment for what shall appear to be due thereupon, with costs.” By the same act such notes were made assignable, and the assignee enabled to sue in his own name, allowing all discounts against the assignor. These provisions, from that day to this, have continued to be law. It seems to me, that the object and effect of this legislation was to put promissory notes on the same footing here, which they occupied in England, except giving to them the character of bills of exchange, which was prevented by the clause allowing discounts. *303 There can be no doubt,- that our act meant to enable the holder of such notes to bring debt on the note itself, without laying or proving any consideration ; the defendant having it always in his power, from the nature of the instrument, to go into the consideration. If the act did not mean this, it is impossible to conceive what was its object. It expresses the intention of rendering the recovery on such notes more easy: how? not by giving debt on the contract, for that lay at common law; but by giving debt on the note itself, and thus dispensing with the necessity of laying a consideration. That such is the meaning of the law, is further proved by this, that in suits on such notes, no writ of inquiry is necessary, and unless the office judgment be set aside, the clerk is by law directed to issue execution for the full amount of principal and interest due on the note, just as on an instrument under seal. This, then, being the just interpretation of the law, strengthened by the universal practice of the country, the court was perfectly correct in overruling the motion. The judgment is correct throughout.
The other judges concurred, and the judgment was affirmed.